IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTIONS** |
| | ) | **TO CONTINUE AND** |
| vs. | ) | **MOTION TO CONSOLIDATE** |
| | ) | |
| Miguel Angel Chavez, et al., | ) | |
| | ) | Criminal No. 3:08-cr-151 |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 3:08-cr-169 |
| | ) | |
| Miguel Angel Zamudio-Orosco, a/k/a Juan | ) | |
| Zamudio-Orosco, a/k/a Miguel Zamudio, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are numerous motions related to procedural and scheduling matters in

United States v. Chavez, et al., which is currently scheduled for trial on Monday, May 11, 2009.

Defendants Beatriz Guillen and Joey Lassonde have both moved to continue the trial date (Docs.

#241, #267), and the United States has not filed an objection to those motions.  The United States

has moved to consolidate the trial of Defendant Miguel Zamudio-Orosco, Criminal No. 3:08-cr-169,

with the trial of the remaining Chavez defendants (Docs. #207, #15).  Defendants Beatriz Guillen

and Miguel Zamudio-Orosco have filed objections to the motion to consolidate (Docs. #241, #16).

The Court will address each of these motions in turn.

## I. Motions to Continue

Defendants Beatriz Guillen and Joey Lassonde have moved for a continuance of the trial date on substantially similar grounds. In support of Guillen's motion, defense counsel states that it would be impossible for him to review the voluminous discovery and be prepared in time for trial on the May 11th date. The Court also notes for the record that Mr. Myhre, Guillen's defense counsel, resides in an area of North Dakota that was affected by a serious flood emergency for several weeks in April. Guillen has previously executed a written waiver of her speedy trial rights (Doc. #138-2).

Similarly, in support of Lassonde's motion to continue, defense counsel states that he received the first set of discovery in this case on April 8, 2009, and that he needs more time to review the voluminous disclosures. Defense counsel further states that his client is being housed in the Devils Lake Correctional Center, and they have not yet been able to meet and review the discovery. The Court also notes that Lassonde was arrested on March 3, 2009, and this is his first request for a continuance of the trial date.

If the court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, the resulting period of delay is excluded from computation of the time within which a defendant's trial must be commenced. 18 U.S.C. § 3161(h)(7)(A). An ends-of-justice continuance may be justified on the grounds that one side needs more time to prepare for trial. United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994). An ends-of-justice continuance may also be justified when a case is so unusual or so complex, due to the number of defendants or the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(ii).

2

Upon consideration of the above, the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendants in a speedy trial. Counsel for Defendants Guillen and Lassonde require additional time to review the voluminous discovery which has been produced by the United States in this matter, as well as to complete the investigation and prepare for trial. In particular, counsel for Defendant Guillen requires more time to prepare due to the flood emergency in Valley City, North Dakota, and counsel for Defendant Lassonde requires more time to prepare due to the relatively recent arrest of his client. The Court concludes that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court has also previously found that this is a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) due to the large number of defendants, the voluminous discovery, and the serious nature of the charges. See Order Continuing Trial, March 11, 2009, Doc. #177. Therefore, it would be unreasonable to expect counsel for Defendants Guillen and Lassonde to be adequately prepared within the usual time limits of the Speedy Trial Act.

The Court hereby continues the trial date for Defendants Guillen and Lassonde to Monday, July 20, 2009, in Fargo, North Dakota. The Court will hold a final pretrial conference with counsel at 9:00 a.m., and jury selection will begin at 9:30 a.m. **IT IS ORDERED** that the period of delay commencing from the date of this Order until the date of the trial shall be excluded from the calculation of time for purposes of the Speedy Trial Act, 18 U.S.C. § 3161.

## II. Motion to Consolidate

The United States has moved to consolidate the trial of Miguel Zamudio-Orosco, 3:08-cr-169, with the trial of the remaining Chavez defendants. Defendants Guillen and Zamudio-Orosco

3

object to the motion on nearly identical grounds.  Both Defendants argue that they have had insufficient time to review discovery and determine whether consolidation is appropriate, and that consolidation may create a conflict of interest because their attorneys work in the same office.  No other defendants in this matter have filed a response to the Motion to Consolidate.

Rule 13, Fed. R. Crim. P., provides, "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."  Thus, under the plain language of Fed. R. Crim. P. 13, the relevant standard for consolidation of cases for trial is whether they could have been properly joined in a single indictment under Rule 8, Fed. R. Crim. P.  "Two or more defendants may be charged in the same indictment if they allegedly participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008) (citing Fed. R. Crim. P. 8(b)).  "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme."  United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (citation omitted).  The Eighth Circuit has held that the provisions of Rule 8(b) are to be construed liberally in favor of joinder, see United States v. Chard, 115 F.3d 631, 634 (8th Cir. 1997) (quotation omitted), and "rarely, if ever, will it be improper for co-conspirators to be tried together."  United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998).

Based on the foregoing principles, the Court concludes that the trial of Defendant Zamudio-Orosco may be properly consolidated with the remaining Chavez defendants for trial.  Zamudio-Orosco is charged with one count of conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 846.  A comparative review of his Indictment with

Count One of the Indictment in the <u>Chavez</u> case, which also charges a drug conspiracy, reveals that the charges are identical.  Because Zamudio-Orosco is clearly charged with involvement in the same common plan or scheme as the <u>Chavez</u> defendants, namely, involvement in the same large-scale drug distribution organization, the Court finds that the standard for joinder under Rule 8(b) has been satisfied, and therefore consolidation of these cases for trial is appropriate.

The remaining question for the Court to resolve is whether Zamudio-Orosco should proceed to trial with the <u>Chavez</u> defendants set for May 11, 2009, or whether his trial should be continued to July 20, 2009, along with Defendants Guillen and Lassonde.  The Court notes that Zamudio-Orosco currently has no trial date set in this matter, because on April 1, 2009, an Order was entered continuing his trial to a date to be determined due to a flood emergency in Fargo, North Dakota.  The Court further notes that Mr. Blumer, Zamudio-Orosco's defense counsel, resides in Valley City and was affected by a serious flood emergency for several weeks in April.  Due to these unusual circumstances, the Court concludes it is in the ends of justice to continue Defendant Zamudio-Orosco's trial to the July date, because failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Furthermore, the Court incorporates its previous finding that this is a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and therefore it would be unreasonable to expect counsel for Defendant Zamudio-Orosco to be adequately prepared within the usual time limits of the Speedy Trial Act.

In accordance with the foregoing analysis, the Motion to Consolidate is **DENIED** as to Defendants Miguel Chavez, Jose Rios, Patrick Delorme, Blaine Azure, Jr., Patrick Allery, and John

Lenoir, who are all set for trial on Monday, May 11, 2009.  The Motion to Consolidate is **GRANTED** as to Defendants Beatriz Guillen, Joey Lassonde, and Miguel Zamudio-Orosco, and it is hereby **ORDERED** that Defendant Zamudio-Orosco's trial be re-set to Monday, July 20, 2009, in Fargo, North Dakota.  The Court will hold a final pretrial conference with counsel at 9:00 a.m., and jury selection will begin at 9:30 a.m.  **IT IS ORDERED** that the period of delay commencing from the date of this Order until the date of the trial shall be excluded from the calculation of time for purposes of the Speedy Trial Act, 18 U.S.C. § 3161.

Finally, as to the possible conflict claimed by counsel for Defendants Guillen and Zamudio-Orosco in their objections to consolidation, the Court points out that if there is a true conflict, it will exist whether or not the cases have been consolidated for trial.  Thus, although the possibility of such a conflict is not a basis for denying consolidation, the Court finds it worthy of further inquiry at a later date, after Mr. Myhre and Mr. Blumer have had an opportunity to fully review the discovery.  The Clerk of Court will be contacting the parties to set a hearing on the conflict issue, so that it may be resolved on the record in a timely manner.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2009.


        /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

6